**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| **SHAYLA JEFFERSON-JAMES** | **CASE NO.  6:24-CV-00507** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **RADIUS GLOBAL SOLUTIONS** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Plaintiff's *Combined Motion to Strike Defendant's Affirmative Defenses and, in the alternative, Response in Opposition to said Defenses*. (Rec. Doc. 8). Plaintiff is proceeding *pro se*. Defendant, Radius Global Solutions, LLC ("Radius"), opposes the motion (Rec. Doc. 10). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is DENIED.

## Facts and Procedural History

On April 15, 2024, Plaintiff filed her Complaint alleging that Radius violated the Fair Credit Reporting Act ("FCRA") by obtaining her Transunion consumer report without a permissible purpose. (Rec. Doc. 1).  On May 29, 2024, Radius filed its Answer and Affirmative Defenses to Plaintiff's Complaint.  (Rec. Doc. 6).  On May 31, 2024, Plaintiff filed the Motion presently before the Court moving to strike Radius's Affirmative Defenses for "(1) failure to meet the plausibility standard of

*Iqbal/Twombly*; and/or (2) failure to be affirmative defenses at all, but rather Rule 12(d) defenses, or denials of Plaintiff's claims; and (3) failure to plead requisite particularity under Rule 9(b)." (Rec. Doc. 8, p. 1).

## Law and Analysis

Affirmative defenses are pleadings governed by Rule 8 of the Federal Rules of Civil Procedure. A defendant is required to "state in short and plain terms its defenses to each claim asserted against it" and "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A); 8(c)(1). In *Woodfield v. Bowman*, 193 F.3d 354 (5th Cir. 1999), the Fifth Circuit held that affirmative defenses are subject to the same pleading requirements as a complaint and articulated a fair notice standard for pleading affirmative defenses. *Id*. at 362. Under this standard, a defendant is required to plead an affirmative defense "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id*. "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'" *Id*. (citations omitted).

Plaintiff moves to strike Radius's affirmative defenses pursuant to F.R.C.P. Rule 12(f) which authorizes the Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. "[M]otions to strike are viewed with disfavor and infrequently granted." *Ross v. Dejarnetti*, 514

F. Supp. 3d 845, 850 (E.D. La. 2021)(citing *Augustus v. Board of Public Instruction of Escambia, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). "[D]istrict courts enjoy considerable discretion in ruling on a motion to strike." *Spoon v. Bayou Bridge Pipeline, LLC,* 335 F.R.D. 468, 470 (M.D. La. 2020). The court in *Spoon* further explained:

> Typically, it is clear on the face of the pleadings whether the challenged matter should be stricken under Rule 12(f). "Redundant" matter consists of allegations that constitute "a needless repetition of other averments in the pleadings." "Immaterial" matter is that which "has no essential or important relationship to the claim for relief or the defenses being pleaded," such as superfluous historical allegations, "or a statement of unnecessary particulars in connection with and descriptive of that which is material." "Impertinent" matter overlaps with "immaterial" matter and "consists of statements that do not pertain, and are not necessary, to the issues in question." Finally, "scandalous" matters improperly casts a derogatory light on someone, most typically on a party to the action, but "it is not enough that the matter offends the sensibilities of the objecting party" or the person who is the subject of the statements in the pleading, "if the challenged allegations describe acts or events that are relevant to the action." Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.
>
> *Id*. at 470-71 (citations omitted).

> Ultimately, the standard for striking is high:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.,* 306 F.2d 862,

868 (5th Cir. 1962) (cleaned up), quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

Plaintiff maintains that Radius's Affirmative Defenses "do not allege any facts to support their broad, generic, and bare-boned conclusory allegations" contrary to *Iqbal/Twombly* pleading standards. (Rec. Doc. 8, p. 2). Plaintiff also contends that Radius's defenses are "insufficient, irrelevant, or inappropriate given the facts and the law" and should thus be stricken. (*Id.*).

Radius raises four Affirmative Defenses: (1) bona fide error; (2) lack of damages/standing; (3) failure to mitigate; and (4) causation and liability. (Rec. Doc. 6, p. 4). The Court finds that Radius's Affirmative Defenses provide Plaintiff, in "short and plain terms," Fed. R. Civ. P. 8(b)(1), "with enough specificity or factual particularity to give [Plaintiff] 'fair notice' of the defense that is being advanced." *Woodfield*, 193 F.3d at 362. The Court also does not find these Affirmative Defenses to be insufficient or redundant, immaterial, impertinent, or scandalous to warrant striking under Rule 12(f).

Lastly, Plaintiff argues that allowing Radius to maintain its defenses will result in prejudice; however, Plaintiff's only prejudice is that of being required to respond to discovery and arguments on these issues—no more prejudice than imposed upon any litigant. Accordingly,

IT IS ORDERED that Plaintiff's *Combined Motion to Strike Defendant's Affirmative Defenses and, in the alternative, Response in Opposition to said Defenses* (Rec. Doc. 8) is DENIED.

Signed at Lafayette, Louisiana on this 10th day of July, 2024.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**