UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHAYLA JEFFERSON-JAMES | CIVIL ACTION NO. 24-0507 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RADIUS GLOBAL SOLUTIONS | MAGISTRATE JUDGE AYO |

## MEMORANDUM RULING

Before the Court is Defendant Radius Global Solutions, LLC's ("Radius") unopposed Motion for Summary Judgment. (Record Document 13). The Motion seeks dismissal of *pro se* Plaintiff Shayla Jefferson-James's ("Jefferson-James") claim pursuant to § 1681b(f) of the Fair Credit Reporting Act ("FCRA"). See Record Document 13. Additionally, Radius seeks attorney fees under the FCRA. See id. Jefferson-James has failed to respond to Radius's Motion. For the reasons contained herein, Radius's Motion for Summary Judgment and the request for attorney fees within are **GRANTED**. Jefferson-James's claim is **DISMISSED WITH PREJUDICE**, and she is further **ORDERED** to pay Radius a reasonable attorney's fee as determined by this Court.

## BACKGROUND

On January 16, 2024, Jefferson-James's $297.74 account with Cox Communications was placed with Radius, a debt collection agency, which conducted a "soft pull" of her consumer report later the same day. See Record Document 13-1 at 2. The next day, Radius sent an email to notify her of their intent to collect the debt owed to Cox Communications. See id. On January 19, 2024, Jefferson-James replied, claiming

she believed the account's balance was inflated and that she was unable to pay it. See Record Document 13-2 at 9.

Jefferson-James filed this suit on April 15, 2024, and is proceeding *in forma pauperis*. See Record Document 1. Her Complaint alleges that on January 16, 2024, Radius accessed her consumer report without a permissible purpose as required by the FCRA. See id. at 4. To support this assertion, she claims that she had no business or contractual relationship with Radius, and Radius was not retained by any of her creditors or engaged in debt collection activities related to a debt she initiated. See id.

Radius's Motion for Summary Judgment, filed on November 18, 2024, avers that it did have a permissible purpose for accessing Jefferson-James's consumer report because Radius was, in fact, retained by her creditor to collect a debt she owed. See Record Document 13-1 at 5. Accordingly, Radius maintains that its access to the consumer report was permitted by § 1681(a)(3)(A). See id. Radius's Motion goes on to request attorney fees, to which it claims it is entitled pursuant to § 1681n(c). In support, Radius asserts that Jefferson-James's claim lacks foundation, and the response to the January 17, 2024, email demonstrates subjective bad faith. See Record Document 13-1 at 7. Pursuant to the Notice of Motion Setting (Record Document 14) issued by the Clerk of Court on November 18, 2024, Jefferson-James's response was due no later than December 2, 2024. See Record Document 14. To date, no opposition or response has been filed.

**LAW AND ANALYSIS**

I.      **Summary Judgment Standard.**

Rule 56(a) of the Federal Rules of Civil Procedure provides, "The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 2552-53 (1986) (finding such a showing may be made by a defendant pointing to a factual deficiency in the record that makes it apparent that the non-movant has failed to meet its burden of production rather than requiring the movant to negate each element of the non-movant's claim affirmatively). When the movant is a defendant, it may also satisfy its burden by successfully negating an element of the nonmovant's claim. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 158, 90 S. Ct. 1598, 1609 (1970) (finding that when a movant attempted to negate a conspiracy element essential to the nonmovant's § 1983 claim, the burden was not met because the movant only foreclosed the possibility that an officer conspired with one of the several potential actors involved). "Genuine disputes of material fact are present where a reasonable jury could find for the nonmoving party." Deshotel v. Wal-Mart La., LLC, 850 F.3d 742, 745 (5th Cir. 2017) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

When a movant attempts to make such a showing, the court must construe all facts and inferences in the light most favorable to the non-movant. See id. This remains true even when a motion for summary judgment is unopposed, and the motion may not be granted solely because there is no opposition, See Swafford v. Experian Info. Solutions, Inc., No. 18-789, 2019 WL 5597310, at *3 (M.D. La. Aug. 27, 2019); see also Day v. Wells

3

Fargo Bank Nat'l Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)). Still, this Court is not required to search the record for materials in support of the nonmovant's claim. See Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 (5th Cir. 1992), opinion corrected Mar. 26, 1992.

## II.     Fair Credit Reporting Act.

### A.  Violations of the Fair Credit Reporting Act

The success of the claim at issue here is dependent on Jefferson-James's ability to show a violation of § 1681b of the FCRA, which provides, *inter alia*, an enumeration of the limited circumstances under which a consumer reporting agency may furnish a consumer report to another party. See 15 U.S.C. § 1681b. The FCRA prohibits the distribution of consumer reports without a permissible purpose and imposes civil liability on anyone who engages in such behavior in violation of its provisions. See 15 U.S.C. §§ 1681b(f), 1681n(a). One such valid and lawful purpose for a consumer report to be obtained by a third party exists when the report is furnished to a person who "intends to use the information in connection with . . . [the] review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A); see also Norman v. Northland Grp. Inc., 495 Fed.Appx. 425, 427 (5th Cir. 2012). This does not mean that the consumer and collector must have a direct transactional relationship or that the consumer needs to have an account with the collector. See id. Finally, there is no requirement that the consumer consent to the access of her consumer report when the purpose is otherwise lawful. See Jefferson-James v. Mercantile Adjustment Bureau LLC, No. 6:24-CV-00068, 2025 WL 354717, at *3 (W.D. La. Jan. 8, 2025), report and recommendation adopted, No. 6:24-

CV-00068, 2025 WL 348558 (W.D. La. Jan. 30, 2025) (citing Alessandro-Robert v. Experian Info. Solutions, Inc., 2023 WL 6462860 at *5 (N.D. Tex.); Wallace v. Finkel, 2006 WL 1731149 at *5 (M.D. Ala.).

### B. Attorney's Fees Under the Fair Credit Reporting Act

The FCRA directs courts to award reasonable attorney's fees to the prevailing party in an FCRA suit pursuant to 15 U.S.C. § 1681n(c), which specifically provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n(c). Under this standard, a party must prevail in the litigation and put forth evidence of the bad faith conduct their opponent engaged in at the time the suit was filed. See Spencer v. Specialized Loan Servicing, LLC, No. 3:19-CV-1536-S, 2021 WL 4552548, at *9 (N.D. Tex. Sept. 1, 2021); see also Onosode v. Equifax Info. Servs., No. 420CV00951SDJCAN, 2023 WL 2783263, at *15 (E.D. Tex. Mar. 29, 2023), report and recommendation adopted sub nom. Onosode v. Equifax Info. Servs., LLC, No. 4:20-CV-951, 2023 WL 3060790 (E.D. Tex. Apr. 22, 2023). Courts interpret the bad faith standard expressed in § 1681n(c) to require a showing that the party either "subjectively acted in bad faith-knowing that he had no viable claim-or that he filed an action or paper that was frivolous, unreasonable, or without foundation." O'Connor v. Trans Union, LLC, No. 05-CV-74498, 2008 WL 4910670, at *20 (E.D. Mich. Nov. 13, 2008) (citing Ryan v. Trans Union Corp., No. 99 C 216, 2001 WL 185182, at *5 (N.D. Ill. Feb. 26, 2001)).

5

### III. Analysis.

Radius's Motion for Summary Judgment first asks this Court to dismiss Jefferson James's § 1681b(f) claim and thereafter asks for reasonable attorney's fees under § 1681n(c). See Record Document 13-1. Each request will be considered in turn.

**A. Summary Judgment.**

Radius claims that the accessing of Jefferson-James's consumer report was, contrary to her allegations, permissible because its purpose for doing so was in connection with an account Radius was retained by Cox Communications to collect. See Record Document 13-1. Radius's Chief Compliance Officer, Greg Stevens, made a declaration that supports this assertion. See Record Document 13-2 at 2-3. The declaration establishes that Jefferson-James's account with Cox Communications was placed with Radius on January 16, 2024, for collection, and Radius's access to her consumer report occurred afterward on the same day and in connection with its collection on that account. See Record Document 13-2 at 3. An email sent by Radius to Jefferson-James the following day further corroborates this narrative. See Record Document 13-2 at 5-7. Jefferson-James has presented nothing to controvert the declaration of Greg Stevens or the email. Thus, this Court finds that Radius accessed Jefferson-James's account for the permissible purpose enumerated by 15 U.S.C. § 1681b(a)(3)(A).

Because it is essential to Jefferson-James's § 1681b(f) claim that Radius accessed her consumer report without a permissible purpose and Radius is correct that its doing so in connection with a debt it was attempting to collect was permissible, there is no genuine

issue of material fact left that could allow a reasonable jury to find in Jefferson-James's favor. Therefore, summary judgment is appropriate in this case.

**B. Attorney's Fees.**

Radius next asks this Court to award it attorney's fees pursuant to § 1681n(c). See Record Document 13-1 at 6. The pertinent provision taken with the limited jurisprudence available on the subject directs this court to grant Radius's request if Jefferson-James filed a paper that was frivolous, unreasonable, without foundation or if it is shown that the paper was filed with subjective bad faith. See 15 U.S.C. § 1681n(c); see also O'Connor v. Trans Union, LLC, No. 05-CV-74498, 2008 WL 4910670, at *20 (E.D. Mich. Nov. 13, 2008) (citing Ryan v. Trans Union Corp., No. 99 C 216, 2001 WL 185182, at *5 (N.D. Ill. Feb. 26, 2001)). Radius's Motion argues that Jefferson-James's Complaint and the allegations set forth therein were both without foundation at the time of its filing and filed in subjective bad faith. See Record Document 13-1 at 7. The baselessness of the claim is clear; however, this Court finds particularly compelling the evidence that Radius provided in support of its allegation of subjective bad faith.

The Complaint filed by Jefferson-James on April 15, 2024, contains the following allegation against Radius:

> Discovery will show that [Radius] was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved in any collection activities pertaining to a debt initiated by Plaintiff, thus failing to establish a permissible purpose for accessing Plaintiff's consumer report.

Record Document 1 at 2. The inclusion of this factual allegation in the Complaint indicates to this Court that Jefferson-James was aware of both its significance and that it was essential to her claim's success. The issue is not that the allegation happened to be false

but rather that it seems Jefferson-James was aware it was false before filing the Complaint. Her response to the January 17, 2024, email, dated January 19, 2024, exemplifies her subjective understanding of the allegation's falsity. See Record Document 13-2 at 5, 9.

The January 17th email from Radius clearly stated, "Radius Global Solutions is a debt collector. We are trying to collect a debt you owe to Cox Communications." See Record Document 13-2 at 5. Her response did not dispute this or express a lack of understanding but instead stated, "The balance on this account seems to be inflated. The only way to contact me is through text messages. I'm not working now so I won't be able to pay this." See Record Document 13-2 at 9. The declaration of Greg Stevens confirms that the emails, as represented in copies attached to the Radius's Motion, are true and correct. See Record Document 13-2 at 2 -3. Additionally, as noted *supra*, Jefferson-James has not contested the declaration or the emails.

This email exchange, when compared with the allegations in the Complaint, demonstrates that Jefferson-James was attempting to sustain a claim destined to fail by making patently false representations to this Court. This is sufficient for the Court to hold that Jefferson-James subjectively acted in bad faith because she knew she had no viable claim. Furthermore, even if somehow Jefferson-James was not aware of the falsity of her allegations, her action was still entirely baseless at the time it was filed. The Court also finds it notable that this is one of at least ten similar claims Jefferson-James has filed in this Court within the past two years. See Record Document 13-1 at 1. All considered, this Court is satisfied with the evidence put forth by Radius showing Jefferson-James's bad faith within the meaning of 15 U.S.C. § 1681n(c) and finds that an award of attorney's

8

fees to Radius is appropriate in this instance. Within 28 days of the issuance of the instant ruling, Radius shall file a motion to fix the amount of attorney's fees. Such motion shall include detailed billing records for the Court to review.

## CONCLUSION

Based on the foregoing analysis, this Court finds there are no genuine issues of material fact, and Radius is entitled to judgment in its favor as a matter of law. Furthermore, this Court finds that Jefferson-James filed her action in bad faith, and Radius is entitled to attorney's fees pursuant to 15 U.S.C. § 1681n(c). Accordingly,

Radius's Motion for Summary Judgment (Record Document 13) is hereby **GRANTED**, and Jefferson-James's claims are **DISMISSED WITH PREJUDICE**.

Furthermore, the request for attorney's fees made by Radius within its Motion for Summary Judgment shall also be **GRANTED**. Within 28 days of the issuance of the instant ruling, Radius shall file a motion including detailed billing records for the Court's review to fix the amount of attorney's fees.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of June 2025.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT JUDGE