**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

SHAYLA JEFFERSON-JAMES                          CIVIL ACTION NO. 24-0507

VERSUS                                          JUDGE S. MAURICE HICKS, JR.

RADIUS GLOBAL SOLUTIONS                         MAGISTRATE JUDGE AYO

**MEMORANDUM ORDER**

On June 10, 2025, this Court entered a Memorandum Ruling (Record Document 15) and Judgment (Record Document 16) granting Defendant Radius Global Solutions, LLC's ("Radius") Motion for Summary Judgment. Additionally, the ruling granted Radius's request for attorney's fees. See Record Documents 15 & 16.[1] Radius was directed to file the appropriate motion including detailed billing records for the Court's review to fix the amount of attorney's fees. See id.

Now before the Court is Radius's Motion to Fix Attorney's Fee Award. See Record Document 17. Radius requests the Court set its award of attorney's fees at $4,676.85. See id. at 1. Counsel for Radius attached detailed billing records and further explained that he had "(1) removed associated time entries for this matter that were primarily administrative in nature, and (2) used reduced billing rates of $285/hour for partners, $250/hour for senior associates, and $120/hour for paralegals," considering Plaintiff

---

[1] The Court held:

> All considered, this Court is satisfied with the evidence put forth by Radius showing Jefferson-James's bad faith within the meaning of 15 U.S.C. § 1681n(c) and finds that an award of attorney's fees to Radius is appropriate in this instance. Within 28 days of the issuance of the instant ruling, Radius shall file a motion to fix the amount of attorney's fees. Such motion shall include detailed billing records for the Court to review.

Record Document 15 at 8-9.

Shayla Jefferson-James's ("Jefferson-James") anticipated ability to pay the fee award. Id. at 2. Radius submits that its requested fees comply with the lodestar method, which requires the district court to calculate the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551-52 (2010). "The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case." Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995). Adjustment of the lodestar in the Fifth Circuit involves the assessment of a dozen factors. See id. at 329. These factors include, among others, the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the customary fee, and the amount involved and the results obtained. See Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717-719.

Jefferson-James responded to the instant motion. See Record Document 19. She argues the Court should not award attorney's fees because there is no credible evidence of bad faith. See id. at 1-2. Additionally, she submits that the amount sought is excessive because of her financial status and her status as a *pro se* litigant. See id. at 2-3.

As to Jefferson-James's first argument, the Court finds that she waived any argument regarding bad faith by failing to respond to Radius's Motion for Summary Judgment. The Court has already determined that attorney's fees pursuant to Section 1681n(c) of the Fair Credit Reporting Act are warranted. The time to challenge the imposition of fees has passed and the issue now before the Court is fixing a reasonable amount for attorney's fees.

Jefferson-James's argument that attorney's fees should be denied or reduced because of her *pro se* status and/or principles of equity also fails. Radius submitted detailed contemporaneous billing records. See Record Document 17-1. Jefferson-James does not challenge the hourly rates or a specific time entry. See Parkcrest Builders, LLC v. Hous. Auth. of New Orleans, No. CV 15-01533, 2020 WL 2857378, at *3 (E.D. La. May 7, 2020) (citing Powell v. C.I.R., 891 F.2d 1167, 1173 (5th Cir. 1990)), *report and recommendation adopted*, No. CV 15-1533, 2020 WL 2850169 (E.D. La. June 2, 2020) ("[I]f the hourly rate is not opposed, then it is prima facie reasonable."). The Court further finds that Radius's submissions indicate the reasonable use of billing judgment. Counsel for Radius also removed time entries that were primarily administrative in nature and used reduced billing rates for partners, senior associates, and paralegals. Given these circumstances, the Court adopts Radius's lodestar without adjustment and fixes the amount of attorney's fees at **$4,676.85**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of February, 2026.

_____
UNITED STATES DISTRICT JUDGE